(Decided June 27th, 1862.)

---

## Isaac D. Jones, Adm'r of Caleb E. Horsey, *vs.* Samuel B. D. Jones, and Eglantine, his wife, and others.

A wife united with her husband in the sale of her farm, of which she was seized in her own right, upon the express agreement and understanding that he would invest a like sum for her use in other land; and in pursuance of this agreement, and in part performance of his contract, the husband purchased a farm, and *conveyed it, by deed, to his wife;* Held :

That a court of equity will not disturb the title of the wife under this deed, in favor of the heirs at law of her husband.

Jones, Adm'r of Horsey, *vs.* Jones & Wife, *et al.*

A contract may be entered into between husband and wife, for the transfer of property from the husband to the wife, for a valuable consideration, and such a contract, if clearly established by proof, will be enforced in a court of equity.

APPEAL from the Equity side of the Circuit Court for Somerset County.

Bill filed, March 31st, 1858, by the appellant as administrator of Caleb E. Horsey, against the appellees, for an account of the rents and profits of a tract of land called "Skinner's Fancy." Edmund C. Horsey died in 1853, seized and possessed, it is alleged, of this land, leaving his widow, Eglantine, and three infant children, one of whom was the complainant's intestate. In 1855 the widow married Samuel B. D. Jones, who was appointed guardian to the children, and entered into possession of the land. The bill alleges, that on the 25th of March 1850, Edmund executed a deed, (a copy of which is exhibited with the bill,) to his wife, Eglantine, purporting to convey this land to her in consideration of the sum of $1188, to him in hand paid by her, but charges that this deed was not founded on any valuable consideration from the wife, but was voluntary, and vested no estate or interest in her, and is void, and that upon his death intestate the land descended to his children.

The defendants, Samuel and Eglantine, in their answer aver, that the deed from Edmund to Eglantine was for a valuable consideration from her, and passed title to her, and cannot be questioned by Edmund or his heirs, and in support of this averment, state that Eglantine was the daughter of Caleb Kennerly, and in the division of her father's estate, became entitled, in her own right, to a farm called "Coscoway," and that Edmund, with the consent of Eglantine, and with the express condition that the proceeds of sale should be invested in other lands for her use, sold "Coscoway" to Lambert Atkins, for $2224, which was paid to Edmund, and on the 2nd of March 1850, Eglantine joined her then husband Edmund, in a deed therefor to Atkins the purchaser; that she united in

this deed at the request and for the benefit of Edmund, upon the express condition that he would invest a like sum in real estate for her use and benefit; and that he, in pursuance of this condition, and in consideration of the money he received from the sale of "Coscoway," and in part performance of his said contract, executed to Eglantine the deed for "Skinner's Fancy," of the 25th of March 1850; and they insist that Eglantine is entitled to the full benefit of this deed, and the land thereby intended to be conveyed to her; that it is sufficient in law to vest title in her, and if not, that being founded on a valuable consideration, it is a valid agreement to convey the same to her, which the court has power to execute, and will execute so far, as not to allow her to be disturbed in the possession of the land, and in the reception of the rents, issues and profits thereof.

The *agreement* and facts stated in the answer, *were fully* established by the testimony taken under the commission of *Alexander S. Evans*, who drew the deed, and was one of the justices taking its acknowledgment, and of *Julia A. Kennerly*, the mother of Eglantine, both of whom heard the agreement made between Edmund and his wife Eglantine.

The court (SPENCE, J.) passed a decree dismissing the bill, from which the complainant appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Isaac D. Jones*, for the appellant:—The defence set up in the answer, and the evidence of the agreement alleged to have been made between Edmund and his wife Eglantine, do not, even in a court of equity, preclude the complainant's claim, as administrator of one of the heirs at law of Edmund, for an account of the rents and profits of "Skinner's Fancy," from the appellee, as guardian of the deceased heir. The utmost effect of such an agreement is to entitle her to a proceeding in equity, for a specific performance, or to be regarded as a gen-

eral creditor of her deceased husband's estate, for the value of the land sold by her in performance of the alleged agreement. 1 *Md. Ch. Dec.*, 523, *Brooks vs. Dent.* 6 *Md. Rep.*, 418, *Bowie vs. Stonestreet.*

*Jno. W. Crisfield*, for the appellee:—The deed from Edmund to Eglantine, was made in pursuance of a post-nuptial agreement between husband and wife, for a *bona fide* and valuable consideration proceeding from her to him, as is fully shown by the proof, and a court of equity will, under these circumstances, sustain the deed in favor of the wife against the heirs at law of the husband. 1 *Md. Ch. Dec.*, 523, *Brooks vs. Dent.* 6 *Md. Rep.*, 418, *Bowie vs. Stonestreet.*

BARTOL, J., delivered the opinion of this court.

Upon the pleadings and proofs in this cause, we entertain no doubt of the propriety of affirming the decree of the Circuit court. The evidence taken under the commission, clearly establishes the agreement between Edmund C. Horsey, and Eglantine his wife, (as set out in the answer of the appellees, Jones and wife,) whereby she consented, that the tract of land called "Coscoway," of which she was seized, in her own right, might be sold by her husband for the sum of $2244, upon the agreement on his part, that he would invest a like sum in real estate for her use and benefit, and that she united with him in the deed of the 2nd day of March 1850, conveying the land to Atkins, at the request and for the benefit of her husband, upon the agreement and condition stated. The evidence further shows that the deed of the 25th of March 1850, from Edmund C. Horsey to his wife, Eglantine, was executed in pursuance of that agreement, and as a performance in part of his contract.

Edmund C. Horsey died in 1853, leaving his widow and three children surviving him, all infants under the age of twenty-one years, of whom the complainant's intestate was one. In 1855, the appellee, Samuel B. D. Jones, intermarried with

the widow, and was appointed guardian to the children; and entered into possession of the land called "Skinners Fancy," conveyed by the deed of the 25th of March 1850.

The object of the bill is to obtain an account of the rents and profits of "Skinners Fancy," the complainant claiming that Edmund C. Horsey died seized thereof, notwithstanding the deed of the 25th of March 1850; the same being alleged to be inoperative and void, by reason of the marital relation existing between the parties, and consequent disability of the grantee to take under the deed.

A contract may be entered into by a husband, for the transfer of property to his wife for a valuable consideration, and such a contract, if established by proof, would be enforced in a court of equity. See *Bowie vs. Stonestreet et al.,* 6 *Md. Rep.,* 430, and authorities there cited. In this case the contract has been executed, by an actual conveyance by the deed of the 25th of March 1850, and this court will not disturb the title of the grantee under it, in favor of the heirs at law of the husband.

*Decree affirmed.*

(Decided June 27th, 1862.)