BENJAMIN R. MAYFIELD, and others *vs.* ALEXANDER KILGOUR, and others.

*Admissibility of Evidence—Authentication of Judgments—What Evidence of Indebtedness is sufficient to give Creditors a standing in Court to assail a Deed as Fraudulent—Debtor and Creditor—Husband and Wife—Deeds in fraud of Creditors—Incidental powers of Trustees—Admissibility of Evidence to explain consideration in a Deed.*

Where a witness under cross-examination makes a statement not called for by the interrogatory propounded to him, such statement, on exception by the party propounding the interrogatory, will be rejected as inadmissible.

The words " *True Copy Test,*" with the signature of the clerk, and the seal of his office attached, form a sufficient authentication of the short copy of a judgment to meet the requirements of the Code, and it is not necessary that a fuller and more extended certificate should be set out by him.

On a creditor's bill to set aside a deed as fraudulent, a short copy of a judgment in favor of the creditor against the grantor, is sufficient

Mayfield, *et al. vs.* Kilgour, *et al.*

proof *primâ facie* of indebtedness to give the creditor a standing in Court, with the right as creditor, to attack the deed in question.

A wife may become the creditor of her husband, and when the relation of debtor and creditor is established between them, her rights will be regarded by the law with as much favor as those of other creditors.

The law may be considered as definitely settled in this State, that in cases of deeds from the husband to his wife, the deeds themselves are *primâ facie* evidence of what the consideration was upon which they were executed.

A debtor conveyed certain lands in trust to be sold by the trustee to pay, after deducting the costs and charges incurred in the execution of the trust, certain named creditors of the grantor in the order mentioned, and then all his other creditors, and lastly, the surplus to the grantor, without exacting releases from any of the creditors. HELD:

That in the absence of fraud, such deed could not be impeached by the creditors of the grantor.

A farm and dwelling-house were conveyed in trust for the wife of the grantor; and the trustee purchased certain furniture, stock, and farming utensils, for which he took a bill of sale, wherein the consideration expressed was " eleven hundred and forty-four dollars and fifty cents paid me." The truth and *bonâ fides* of the consideration expressed, was sworn to by the grantee. No money was paid at the time, but a note at six months was given for the purchase-money. HELD:

1st. That the trustee had the right and authority to make the purchase under the general powers necessarily incident to his trust, as the dwelling-house could not be occupied by the *cestui que trust* without necessary furniture, and the farm could not be made to yield an income without farming utensils and stock to cultivate it.

2d. That the power in the trustee to cultivate the farm instead of renting it, was incidental to his trust, and did not require an express provision to that effect in the deed of trust.

3d. That the consideration proved, was sufficient to support the bill of sale.

APPEAL from the Circuit Court for Montgomery County.

The facts of the case are fully stated in the opinion of the Court. The short copies of the judgments, which were declared by the Court to be sufficiently authenticated,

were each certified in these words: "True copy, Test: E. B. Prettyman, Clerk."

The cause was argued before BARTOL, C. J., STEWART, BRENT and MILLER, J.

*Richard M. Williams* and *Richard J. Bowie*, for the appellants.

*William, H. Tuck*,.for the appellees.

BRENT, J., delivered the opinion of the Court.

The appeal in this case is taken from a decree of the Circuit Court for Montgomery County, dismissing a bill filed in August, 1864, by Mayfield and Brown, on behalf of themselves and such other creditors of Alexander Kilgour as might come in and contribute to the costs of the suit, to vacate three deeds executed by the said Kilgour on the 4th of March, 1864, upon the ground that they are fraudulent and void as against creditors. Copies of these deeds are filed with the bill as exhibits. The one marked A, conveys to William Kilgour, one of the appellees, certain lands in trust to be sold by him, to pay, after first deducting the costs and charges incurred° in the execution of the trust, certain named creditors of the grantor in the order mentioned, then all his other creditors, and, lastly, the surplus to the grantor. The deed does not exact releases from any of the creditors.

The deed marked B, conveys, also, to William Kilgour in trust for Margaret Kilgour, the wife of the grantor, certain lands and furniture in consideration of, and to carry into effect an agreement entered into by the husband on the 20th of October, 1850, which is recited at length in the deed. The consideration of this agreement is, that the husband had sold in 1844, with the assent of the wife, her land in Virginia, to enable him to pay his debts and·

purchase other property in Maryland, with the express promise and agreement, at the time, to convey to a trustee for her sole and separate use, property in Maryland to the value of five thousand dollars.

The other deed, marked C, is a bill of sale of stock and farming utensils for the consideration of eleven hundred and forty-four dollars and fifty cents, purchased by William Kilgour as trustee for Mrs. Kilgour.

The answers of the defendants, it may be stated, generally deny the fraud, and put the complainants upon proof of the allegations in their bill. Commissions were issued to take testimony, and exceptions have been filed by both the complainants and defendants to certain portions of the proof taken under them. The exception of the complainants to the statements of Alexander Kilgour, as testified to by the witnesses Jones and Garrett in their answers to the third cross-interrogatory, is well taken. The testimony is not called for by the interrogatory, and is therefore inadmissible. Their second, third, and fourth exceptions must be overruled. The obligation of Alexander Kilgour, dated the 20th of October, 1850, and proved to have been signed by him, to convey the land mentioned in deed B to his wife Margaret Kilgour, and the evidence of Janney, taken under the commission to Virginia, are material and important in establishing an indebtedness of Kilgour to his wife, and as entering into and explaining the consideration for which the deed for her benefit was made. The evidence of Peter in regard to the note of William Kilgour, trustee, which seems to have been given for the consideration expressed in the bill of sale, has a direct bearing upon the questions involving the validity of that instrument, and could not be rejected, as will be seen hereafter, without a violation of well-established rules of law. The only objection on the part of the defendants to the evidence of the complainants, which it is important to notice in the view we take of this case, is that which goes to the proof

of the judgments of the appellants. The first ground of objection is, that there is no sufficient certificate of the clerk attached to them. This objection seems to us to be too refined. We think the word " test " at the bottom of the copies filed with the signature of the clerk and the seal of his office attached, form a sufficient authentication to meet the requirements of the Code, and it is not necessary that a fuller and more extended certificate should be set out by him. Nor do we think that a full transcript of the judgments is necessary. We know of no case similar to the one before us, in which it has been required, while, on the contrary, the practice in this State has been to file only short copies, and rely upon them as sufficient proof, *primâ facie*, of indebtedness. We must, therefore, regard the appellants as having a standing in Court with the right as creditors to attack the deeds in question.

The record in this case furnishes no proof of actual fraud, but simply presents the case of a person in pecuniary difficulties, disposing of all his property by several conveyances, and giving preference to certain of his creditors, among whom is his wife. The right to prefer creditors, where the preference is unaccompanied by fraud, was conceded in the argument and is too well settled in this State to be denied. The law is equally well settled by the cases of *Bowie vs. Stonestreet*, 6 *Md.*, 418, and *Horsey's Admr. vs. Jones and wife*, 18 *Md.*, 464; that the wife may become a creditor of the husband: and when the relation of debtor and creditor is established between them,.her rights will be regarded by the law with as much favor as those of other creditors. That Mrs. Kilgour was a creditor of her husband, the consideration expressed in the deed made for her benefit, fully sets forth. Although several cases have been cited by the appellants' counsel to sustain their view, that the consideration expressed in a deed from a husband for the benefit of his wife, is not to be taken as, *primâ facie*, true against creditors; the con-

trary doctrine has been uniformly held in this State, and the law here may be considered as definitely settled " that the deeds themselves are *primâ facie* proof of what the consideration was upon which they were executed." *Faringer vs. Ramsay*, 2 *Md.*, 375; *Glenn vs. Grover*, 3 *Md.*, 212; *Stockett, Admr. of Locke vs. Holliday*, 9 *Md.*, 480. Inasmuch, therefore, as the complainants have offered no evidence to assail the verity of the consideration, we are to regard Mrs. Kilgour as a creditor of her husband whom he had a right to prefer; and the deed made by him for her benefit must be sustained. In this conclusion we are fully supported by the case of *Stockett, Admr. of Locke vs. Holliday*. The deed which was held in that case to be valid cannot be distinguished from the one now under consideration.

We do not exactly perceive what objection can be urged, in the absence of any proof of fraud, against the validity of the deed in this case creating a trust for the benefit of creditors. The property conveyed is absolutely, and without reserve or delay, appropriated to the payment of the creditors of the grantor in the order named, which seems to be according to their just and equitable priorities. It exacts no releases, and is untinctured by any evidences of fraud. The rights of the appellants are not prejudiced or injured by it, and they could derive no benefit from having it set aside. We do not think it necessary to cite any authority to sustain a deed of this description.

We have had some difficulty in reaching a satisfactory conclusion in regard to the validity of the bill of sale to Kilgour, as trustee for Mrs. Kilgour. The property conveyed by it, so far as the record discloses, was unincumbered by any lien, and Kilgour had an unquestioned right to dispose of it by sale, so that it would be protected in the hands of a purchaser in good faith. But had the trustee of Mrs. Kilgour the right and authority to become the purchaser? We think he had, under the general powers

necessarily incident to his trust. The property conveyed to him is a dwelling-house and farm. The one cannot be occupied by the *cestui que trust* without necessary furniture, and the farm cannot be made to yield an income without farming utensils and stock to cultivate it. It is true it might have been rented. But the right to do so is derived, equally with the right to cultivate, from the discretionary powers incident to the trust—being nowhere specially given by the deed creating the trust—and there is no obligation upon the trustee to adopt the one in preference to the other. Equity cannot intend that this land was to remain unproductive in his hands, because no special power was conferred by the deed to cultivate or to rent it. These powers are taken as incidental to the trust, and are limited to the exercise of a sound discretion. In the exercise of this discretion the trustee seems to have concluded to cultivate the land, and to carry out this purpose, he acted within the scope of his powers in making the purchase in question. But it is contended by the appellants that this bill of sale is void, because the consideration expressed in it is " eleven hundred and forty-four dollars and fifty cents paid me," while the proof shows that a note for that amount, at six months, was given by the purchaser. In this view we do not concur, but think the consideration proved is sufficient to support the deed.

In the cases of *Betts vs. Union Bank*, 1 *H. & G.*, 175 ; *Sewell vs. Baxter*, 2 *Md. Ch. Dec.*, 35, and *Elysville M. Co. vs. Okisko Co.*, 1 *Md. Ch. Dec.*, 392, cited by the appellants, the consideration attempted to be shown was different in kind from that expressed in the deed. The principle decided by these cases is, that where a deed purports to be on a moneyed consideration, it cannot be shown that money did not constitute the consideration, or if voluntary, or on consideration of marriage, or the like, it cannot be shown that the consideration was a moneyed one. This would have the effect to change the character of the deed, and

cannot be done where it is impeached for fraud. Such is not the case before us. Here the consideration offered in proof is the same kind of consideration as that expressed in the deed. It is a moneyed consideration, of the same amount, and is operative to support the deed as one of bargain and sale, as it purports to be upon its face. It is only necessary to cite the case of *Cole vs. Albers & Runge*, 1 *Gill*, 422, which is decisive upon this point. The testimony, that a note was given for the consideration in this deed, was adduced by the defendants to rebut any presumption of fraud, and it has not been without weight in satisfying us of the good faith of the transaction. The price given for the property is proved to have been a fair one, and the note, received by the grantor in payment for it, was transferred by him the next day thereafter to certain of his creditors. Thus he seems to have dedicated the whole of his property to his creditors, and so far as this record discloses, he has done so in good faith.

We think the decree of the Court below, dismissing the bill, was right, and it will therefore be affirmed.

*Decree affirmed, with costs to the appellees.*

(Decided 30th June, 1869.)