ELLEN T. HUBBARD *vs.* WILLIAM BARCUS.

*Jurisdiction of the Orphans' Court—Practice in cases where Issues are sent from Orphans' Courts.*

On petition the Orphans' Court of Caroline County, sent six issues to the Circuit Court of said County, in which William Barcus was caveator, and Ennalls Hubbard and Ellen T. Hubbard, his wife, were caveatees. Subsequently the caveator filed a paper in the Orphans' Court, purporting to be the docket entries in the case of Wm. Barcus *vs.* Ellen T. Hubbard, in the said Circuit Court. The entries showed "Issues from the Orphans' Court, jury sworn, verdict 17th April, 1872, for caveator, on first, second, third, fourth and fifth issues, and for caveatee on sixth. Judgment on verdict. Caveator's costs $170.70. Caveatee's $62.45." The Orphans' Court passed an order ratifying the finding of the jury on the issues, and decreed that the caveatee, Ellen T. Hubbard, should pay all the costs attending the proceedings. HELD :

1st. That the docket entries having a different titling from the issues sent from the Orphans' Court, and there being nothing to show that the names or numbers of the parties were altered in the Circuit Court, the action of the Orphans' Court was unwarranted.

2nd. That the Circuit Court had no authority to enter judgment on a verdict rendered on issues sent from the Orphans' Court.

3rd. That a *féme covert* could not be decreed to pay the costs of the proceedings without joining her husband.

APPEAL from the Orphans' Court of Caroline County.

The facts are stated in the opinion of the Court.

The cause was submitted on briefs to BARTOL, C. J., BOWIE, GRASON, MILLER and ROBINSON, J.

*J. W. Bryant,* for the appellant.

The order of the Orphans' Court was erroneous, for the following reasons :

1st.—As not being within the jurisdiction of the Orphans' Court. *Michael vs. Baker's Ex.*, 12 *Md.*, 158.

2nd.—That a *féme covert* cannot be made to pay costs in a proceeding in the Orphans' Court, unless her husband is a party thereto. *Townshend vs. Brooke*, 9 *Gill*, 91.

3rd.—That the husband is responsible for the debts of his wife, and should have been a party to this suit. *Schindel vs. Schindel*, 12 *Md.*, 108 *and* 294; *Yingling vs. Hesson*, 16 *Md.*, 112.

4th.—That the costs should have been paid from the estate of Mrs. Frances A. Vanstavern. *Glass vs. Ramsey & Jenkins*, 9 *Gill*, 458.

5th.—That the order appealed from was not an exercise of discretionary power vested in the Orphans' Court. *Webster vs. Cockey*, 9 *Gill*, 93; *Parker vs. Gwinn*, 4 *Md.*, 423; *Cecil vs. Cecil*, 19 *Md.*, 73.

*Jno. B. Brown* and *Thos. J. Keating*, for the appellee.

This appeal should be dismissed, with costs to be paid by the appellant, for the following reasons:

1. If it is intended as an appeal from the order of the 25th June, 1872, the appeal is too late—having been prayed after the lapse of more than thirty days from the date of the passage of the order. *Code of Pub. Genl. Laws, Art.* 5, *sec.* 39.

2. The order was a mere formal order or judgment required by the finding of the jury on the issues joined, and being in conformity with the finding of the jury on the issues joined, is not subject to review by this Court. *Browne vs. Browne*, 22 *Md.*, 115.

3. If it is intended as an appeal from the order of the 12th November, 1872, it is not well taken—the awarding of costs in such cases being the exercise of a *discretionary power* vested in the Orphans' Court, from which an appeal does not lie. *Code, Art.* 93, *sec.* 250; *Levy & Barry, Adms. vs. Levy*, 28 *Md.*, 28; *Wall's Exc. vs.*

*Wall*, 2 *H. & G.*, 79; *Warren vs. Twilley*, 10 *Md.*, 46; *Ringgold's Case*, 1 *Bland*, 5.

4. The record, as sent up, discloses no error on the part of the Orphans' Court in the passing of either of said orders, and in the absence of evidence to the contrary, the Orphans' Court having jurisdiction, will be presumed to have acted rightly. *Ex parte Shipley*, 4 *Md.*, 493.

Bowie, J., delivered the opinion of the Court.

The original record in this case being extremely meagre and defective, an agreement of counsel to the following effect, has been filed in this Court:

"The record shall be amended by the incorporation therein of the caveat, and the answer thereto, and the issues that were framed in consequence thereof, and which were tried before the Circuit Court for Caroline County; all of which were omitted by the Register of Wills of Caroline County, in sending up the record."

From the record thus amended, it appears that the appellee, William Barcus, of Queen Anne's County, on the 9th of February, 1872, filed his petition in the Orphans' Court of Caroline County, alleging that he was the child and heir at law of Frances A. Vanstavern, late of Caroline County, deceased; that he was informed a paper purporting to be the last will and testament of said Frances, bearing date the 1st of August, 1871, had been filed in that Court, by Ennalls Hubbard *or* Ellen T. Hubbard, of Caroline county, and application was made, or about to be made, for the probate thereof.

The petitioner objected to the probate; charged that the supposed testatrix, at the time of making said paper, was not of sound mind; that she was under the undue influence of Ennalls Hubbard and Ellen T. Hubbard; and that the said paper was not the will and testament of Frances A. Vanstavern, but the will of said Ennalls Hub-

bard, and *Ellen T. Hubbard, his wife*; for which, and other reasons, he prayed that the said paper might not be admitted to probate, as the will of Frances A. Vanstavern, "and that a day may be set for the hearing of these objections."

No subpœnas were prayed against Hubbard and wife, or answers required, but subpœnas for witnesses were ordered. On the 22nd of February, 1872. a paper was filed in the Orphans' Caurt of Caroline County, "*In the matter of the caveat of Wm. Barcus, to will of Frances A Vanstavern,*" entitled "The answer of Ellen T. Hubbard, Executrix, named in the last will and testament of Frances A. Vanstavern, deceased, to the petition of William Barcus, filed in this Court, caveating said will," and subscribed "J. W. Bryant, attorney for Ellen T. Hubbard."

To this answer there was neither affidavit nor affirmation annexed.

The answer was, that Frances A. Vanstavern, on the 1st of August, 1871, made her last will and testament, in which the said Ellen T. Hubbard was named and appointed executrix, and afterwards, on the 20th of January, 1872, died, leaving the said will unrevoked ; that the deceased left three children, of whom the caveator was one. It denied all the allegations of undue influence, unsoundness of mind, etc., and prayed the Court to admit the will to probate, Afterwards, on the 21st of March, 1872, was filed in the Orphans' Court of Caroline County, a paper, with the caption, "William Barcus vs. Ennalls Hubbard and Ellen T. Hubbard, caveatees," addressed "To the Honorable Orphans' Court for Caroline County," and proceeding thus "Ennalls Hubbard and Ellen T. Hubbard, pray that the following issues may be passed and sent to the Circuit Court for Caroline County for trial," after which follow a series of six several issues, all of which (except the first and last,) submit respectively, the questions, whether the said supposed will, was

procured by the importunity, undue influence, fraud, mis-representations, and deceits of Ennalls Hubbard and Ellen T. Hubbard, or either of them, and the whole are subscribed per petitioners, Ennalls Hubbard, Ellen T. Hubbard.

There is no entry on the record, to show the action of the Orphans' Court of Caroline County on the issues pre-sented by Ennalls and wife, but the agreement of the counsel, identifies them as those which were framed upon the caveat and answer, and tried before the Circuit Court for Caroline County.

It is thus rendered certain, that the issues sent to the Circuit Court for trial, by the Orphans' Court, were issues in which the appellee was caveator or plaintiff, and Ennalls Hubbard and wife, were caveatees or defendants.

The appellee on the 25th of June, 1872, filed in the Orphans' Court of Caroline County, a paper purporting to be a copy of the Docket entries in the case of "William Barcus vs. Ellen T. Hubbard," in the Circuit Court for Caroline County, April Term, 1872, showing "issues from the Orphans' Court." Jury sworn. Verdict, 17th April, 1872, for caveator, on the first, second, third, fourth and fifth issues, and for the caveatees on the sixth. Judgment on verdict. Caveator's costs, $170.70. Cavea-tee's, $62.45.

Whereupon, the Orphans' Court on the same day, passed an order in the form following, viz:-

"William Barcus, Caveator,      "In the Orphans' Court,
          vs.                      for Caroline County."
Ellen T. Hubbard, Caveatee.

"In the matter of the paper offered for probat as the will of the late Frances A. Vanstavern, of Caroline County, deceased."

"Ordered, on this 25th day of June, by the Orphans' Court for Caroline County, and the authority thereof,

upon consideration of the petition or caveat filed in this Court, by Wm. Barcus, caveator, and the answer of Ellen T. Hubbard, caveatee, thereto, and the issues framed in this Court, between the aforesaid William Barcus, caveator, and the aforesaid Ellen T. Hubbard, caveatee, and sent from this Court, to the Circuit Court for Caroline County for trial, at the April Term 1872, thereof, and the finding and verdict of the jury empannelled in said Court for Caroline County, to try said issues as the same has been certified and returned to us by the clerk of said Circuit Court for Caroline County: that the paper aforesaid offered in this Court for probat, as the will of the late Frances A. Vanstavern, by the said Ellen T. Hubbard, be and the same is hereby refused probat, and is rejected by this Court, and that the finding of the jury on all said issues be, and the same is hereby ratified and confirmed."

Afterwards, on the 12th of November, 1872, the Orphans' Court further ordered and decreed, "that the caveatee pay all the costs attending the proceedings in this cause."

From which decree, Ellen T. Hubbard, prayed an appeal.

The appellant contends, that the order or decree appealed from was erroneous, for want of jurisdiction in the Orphans' Court, there being no power to award costs solely against a *feme covert,* unless her husband is a party to the judgment or decree.

The appellee, on the other hand, moves the Court to dismiss the appeal, 1st as being too late, if intended as an appeal from the order of the 25th of June, 1872, affirming the finding of the jury on the issues: 2ndly as a mere formal order required by the finding of the jury, and in strict conformity thereto, not subject to review: and 3rdly if it is intended as an appeal from the order of the 12th of November, 1872, the awarding of costs is an exercise of

*discretionary power*, vested in the Orphans' Court, which is not a subject of review.

The question of jurisdiction more or less involves the points raised upon the motion to dismiss, and if determined in favor of the appellant, will conclude the whole.

The proceedings in this case, although very irregular and informal, must be regarded as of that class in the Orphans' Court, designated by the former testamentary system, and the Code of Public Laws as plenary proceedings. *Art.* 95, *sec.* 249. Although regularly, plenary proceedings are instituted in pursuance of a former order of the Orphans' Court, directing the same, and are constituted by libel and answer, yet this Court, in the case of *Pegg, et al. vs. Warford,* declared whenever a bill or petition is filed in the Orphans' Court, whether or not the parties are cited to appear, if in point of fact, they do appear and answer, the proceeding is plenary. 4 *Md. Rep.,* 396; *Barroll, Adm. of Peters vs. Peters,* 20 *Md.,* 172.

The 249th sec. of Art. 95, of the Code of Public Laws provides, that the Orphans' Court may in all cases of controversy therein, upon the application of either party, direct a plenary proceeding by bill or petition to which there shall be an answer on oath, and by the succeeding section, it is enacted on such plenary proceedings, etc.; "if either party require it, the Court shall direct an issue or issues to be made up, and sent to any Court of law convenient for trying the same." Issues therefore presuppose a plenary proceeding consisting of bill and answer, or bill, answers and depositions. In the present case, the issues are presented in a cause, entitled "*William Barcus vs. Ennalls Hubbard and Ellen T. Hubbard,* and the caveatees, pray they may be passed and sent to the Circuit Court for Caroline County for trial.

Although no answer of Ennalls Hubbard appears in the record, it must be assumed he appeared and answered

the allegations of the caveat, charging himself and wife jointly with procuring the instrument, purporting to be the last will of the deceased, by fraud, importunity and undue influence. The issues filed in the cause show, that the jury were charged to inquire whether the supposed will was obtained by the importunity, undue influence, fraud, or misrepresentation of Ennalls Hubbard and Ellen T. Hubbard, or either of them.

The jury were sworn upon those issues, and found a verdict for the caveator upon the first five generally.

The Orphans' Court must have affirmed the verdict on the issues, as prayed by Ennalls Hubbard and Ellen T. Hubbard his wife, since it does not appear any others were framed; and yet decreed, that the latter should pay all the costs of the caveatee.

How, or why, one of the caveatees named in the issue, and she a *fême covert*, was separated from her husband, by the Orphans' Court, in the proceedings subsequent to the issues and verdict thereon, does not appear.

There is nothing in the record to show, that the issues sent down by the Orphans' Court to the Circuit Court, were amended or altered in the latter Court, (if that were practicable) in the names, or numbers of the parties; yet the certificate or short copy of the case filed in the Orphans' Court on the 25th June, 1872, purports to be a case between William Barcus, the appellee, and Ellen T. Hubbard. No such case as far as this record shows, existed, and the action of the Orphans' Court thereon, was therefore unwarranted.

The short copy of the judgment of the Circuit Court for Caroline County, filed in the Orphans' Court, on the 25th June, 1872, shows an entry of judgment on verdict, and taxation of costs, and is accompanied with a certificate by the clerk, that there is no entry or proceeding in the said Court, to show the same hath been satisfied.

The Circuit Court had no authority to enter a judgment on a verdict rendered on issues sent from the Orphans' Court.

"The established practice in such cases is to certify to the Orphans' Court, the verdict of the jury, and the costs, leaving for that Court to enter the proper judgment." *Browne vs. Browne,* 22 *Md.,* 116.

The whole proceedings in the Circuit Court, subsequent to the verdict, if correctly represented by the docket entries, were irregular, and "*coram non.*"

At common law, a *fême covert,* could not be sued at law or in equity, (with few exceptional instances) without being joined with her husband.

"Being *covert,* she cannot sue or be sued in a Court of law as a *fême sole.*" *Bridges and Wood vs. McKenna,* 14 *Md.,* 267, 269.

She is not competent to employ an attorney. A judgment against her by default, for want of appearance, has been held by this Court to be void. *Griffith vs. Clarke,* 18 *Md.,* 464.

The same principles prevail in Equity, and by analogy apply to petitions, and proceedings in Ecclesiastical and Orphans' Courts.

The effect of a separate judgment or decree against the appellant, if valid, would be to make her solely responsible for costs in a proceeding in which she was jointly charged with her husband; to which he was made a party by the issues and which must have been conducted by his advice and consent.

The duty of proving a testamentary paper, primarily devolves on the executor, although he is at liberty to renounce.

The appellant in this case, was only discharging a legal duty, in propounding the paper in controversy, for probate.

Whatever inferences may be drawn to her prejudice, from the verdict, there is none which is not common to her husband, as well as herself.

The law supposes she acted under the advice and control of her husband, and protects her from the consequences of his acts.

The order of the Orphans' Court of the 12th of November, 1872, decreeing that the appellant pay all the costs of the proceedings in the cause, being without authority of law, must be reversed.

> *Order reversed with*
> *costs to the appellant.*

(Decided 25th June, 1873.)