## LOUISA C. E. BERRY ET AL. *vs.* THE SAFE DEPOSIT AND TRUST CO., EXECUTOR OF GEO. R. BERRY.

*Wills—Caveat—Findings of Jury on Issues Must be Certified to the Orphans' Court by the Law Court—Effect of Appeal from Rulings of Law Court on Issues—Rescinding Order Revoking Probate of Will.*

When issues concerning the validity of a will, which had been admitted to probate, are sent by the Orphans' Court to a Court of law for trial, the Orphans' Court is without authority to interfere with the probate until the law Court has returned to it a certificate of the findings of the jury upon the issues.

The clerk of the law Court in which issues under a caveat to a will have been tried has no authority to certify the findings of the jury upon the issues to the Orphans' Court without the permission of the trial Judge, and that permission should not be given during the period in which an appeal may be taken, unless by consent of both parties.

Code, Art. 5, sec. 5, provides that an appeal to this Court from the law Court in which issues from the Orphans' Court have been tried "shall stay all proceedings in the Orphans' Court touching the matter of such issues." *Held*, that after an appeal is so taken, the Orphans' Court has no power to revoke the probate of the will previously granted, although that Court does not know that the appeal was entered.

Upon a caveat to a will, issues were sent by the Orphans' Court to a Court of law for trial, and the jury rendered a verdict for the caveators. On the same day on which an appeal was entered from the rulings of the law Court in the trial, the counsel for the caveators obtained from the clerk of that Court his attestation to a copy of the docket entries and of the findings of the jury upon the issues, without the knowledge of the trial Judge, and filed the same in the Orphans' Court. On the next day, upon *ex parte* application of the caveators and without notice to the caveatees, the Orphans' Court revoked the probate of the will which had been previously granted. That Court did not then know that an appeal had been taken from the rulings of the law Court. Subsequently, the Orphans' Court rescinded its order revoking the probate. Upon appeal from the rescinding order. *Held*, that the same was properly passed because the Orphans' Court was without power to interfere with the probate until a certificate of the findings of the jury had been sent to it by the authority of the law Court, the paper filed by counsel in the case not conferring power to act, and also because the appeal taken from the rulings of the law Court stays action by the Orphans' Court in the premises under Code, Art. 5, sec. 5.

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before McSherry, C. J., Fowler, Briscoe, Page, Boyd, Pearce, Schmucker and Jones, JJ.

*Thomas R. Clendinen* (with whom was *William Colton* on the brief), for the appellants.

*Wm. Pinkney Whyte* and *Edgar H. Gans* (with whom were *Chas. E. Hill* and *B. H. Haman* on the brief), for the appellee.

McSherry, C. J., delivered the opinion of the Court.

This appeal is from the Orphans' Court of Baltimore City. The facts with which we have to deal are as follows: After the will of George R. Berry had been admitted to probate in that Court a petition was filed assailing its validity on the usual grounds of mental incapacity and undue influence. Issues were then framed and sent to the Superior Court for trial. At

the close of a protracted contest a verdict was rendered by the jury in favor of the caveators on two of the issues and thereupon a motion was made for a new trial. This motion was subsequently heard and was overruled on December the twenty-sixth, nineteen hundred. On the next day, the twenty-seventh, one of the counsel of the caveators took to the Clerk of the Superior Court a copy of the docket entries and of the issues and a statement of the findings of the jury thereon—which copy had not been prepared by the clerk—and procured the clerk's signature and attestation thereto and then carried the paper to the Orphans' Court. Very shortly after the counsel had secured the clerk's signature to this previously prepared document, and on the same day, an order was filed by the executor and caveatee in the Superior Court directing the record to be transmitted to this Court on appeal from rulings of the Superior Court. On the twenty-eighth of December at the request of the caveators' counsel, without notice to the counsel of the caveatee, and whilst the Orphans' Court was uninformed that an appeal had been prayed from the rulings of the Superior Court, the Orphans' Court passed an order revoking the probate which had been previously granted. Thereupon, the same day, a petition was filed by the executor asking the Orphans' Court to rescind its order of December the twenty-eighth, on the ground that it had been improvidently passed. The Orphans' Court very promptly rescinded its previous order of December the twenty-eighth and from that rescinding order passed on January the ninth, nineteen hundred and one, this appeal was taken by the caveators.

The single question for decision is: Was the Orphans' Court right in rescinding the order of December the twenty-eighth which had undertaken to revoke the previous probate? About the propriety of that action we entertain not the slightest doubt. When the issues were sent by the Orphans' Court to the Superior Court for trial the case passed beyond the jurisdiction and out of the control of the Orphans' Court, and until nothing remained for the law Court to do and until the latter had returned to the Orphans' Court in a proper way the

result of its action on the issues, the Orphans' Court continued to be wholly without authority to interfere with the probate in any manner whatever. Now, the Superior Court did not remand the record or certify the findings of the jury to the Orphans' Court at all. Whilst no formal *order* by the Judge of the law Court directing the clerk of his Court to certify back to the Orphans' Court the findings of the jury, is necessary; still the sending to the Orphans' Court of the record or certificate containing those findings is not the act of the clerk but the act of the Court, and therefore the clerk has no authority to certify the findings of the jury to the Orphans' Court without the *permission* of the Judge, and that permission should not be given during the period in which an appeal may be taken from the trial Court to this Court, unless by the consent of both parties. The clerk acts, in these instances, as the hand of the Court and not independently for himself, and until he is informed by the Judge that the findings may be transmitted to the Orphans Court he has no authority to send them. In the case, at bar the clerk was not so informed and the docket entries and findings and certificate were not even prepared by him. The paper was prepared by the caveators' counsel and was taken by him with unseemly haste and without authority to the Orphans' Court. Upon such a record so procured and so delivered the Orphans' Court had no right to act. After the Judge of the law Court to which issues have been sent for trial informs the clerk that the findings of the jury may be certified to the Orphans' Court, the clerk has the right to certify them, but not before.

But beyond this : It is provided by *sec. 5, Art. 5 of the Code*, that when an appeal is taken from a law Court to this Court in a caveat case like the present one, " such appeal while pending, shall stay all proceedings in the Orphans' Court touching the matter of such issues." The appeal from the rulings of the Superior Court was entered on December the twenty-seventh, one day before the Orphans' Court undertook to revoke the probate. It is true the Orphans' Court was not apprised and did not know that the appeal had been taken.

But its want of information in this particular did not give it jurisdiction to act. Its jurisdiction in such an instance depends upon there being no appeal and not upon the want of knowledge that there is an appeal. It is the *appeal* which stays the action of the Orphans' Court; and whether that Court *knows* that there has been an appeal entered or does not know it, the *fact* that an appeal has been taken puts an end to its jurisdiction while such an appeal is pending. If the Orphans' Court acts without knowing that an appeal has been prayed, it becomes its plain duty to rescind that action so soon as it learns that an appeal had been taken before it did act. In this case the appeal was entered prior to the passing of the order of December the twenty-eighth, and when the Orphans' Court discovered that fact it was bound under the statute to rescind that order thus improvidently passed. As the Orphans' Court did, in rescinding that order, precisely what it ought to have done, its order of the ninth of January, nineteen hundred and one, will be affirmed with costs.

*Order appealed from affirmed with costs.*

(Decided March 14th, 1901.)