GEORGE G. BRADLEY, MARTHA H. ANDERSON, JAMES S. DAVIDSON AND JOHN C. DAVIDSON

*vs.*

JANE B. BRADLEY, EXECUTRIX.

*Orphans' Courts: issues to Court of law; appeals; time for—. Sec. 6 of Art. 15 of Code: Motions for new trial; no appeal.*

An appeal from the rulings of courts of law upon the trial of issues sent from the Orphans' Court is an appeal from the determination of a Court of law, and must be taken within the time provided by Sec. 6, Art. 5, of the Code of Public General Laws.                                                            p. 509

Orders overruling motions for a new trial and motions to vacate and set aside verdicts, are orders within the discretion of the trial court and are not reviewable on appeal.          p. 509

A litigant will not be permitted to employ a motion for a new trial as a means of bringing to the Court of Appeals for review, matters occurring during the trial, and to which objection was not made at the time of its occurrence.          p. 510

A circuit court has no authority to enter a judgment on a verdict rendered on issues sent to it from the Orphans' Court;

appeals in such cases being from the determination and rulings of the court in the trial of the issues.                    p. 509

*Decided June 25th, 1914.*

Appeal from the Circuit Court for Montgomery County. (WORTHINGTON, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Daniel W. Baker* (with whom was *W. O. Spates, J. Rogers Spates* and *John A. Garrett*), for the appellants.

The Court declined to hear the attorneys for the appellee in whose behalf however a brief was filed by *Bouic & Bouic, Talbott & Prettyman,* and *Marbury, Gosnell & Williams.*

BRISCOE, J., delivered the opinion of the Court.

The motion to dismiss this appeal must prevail. The reasons therefor are fully set out in the motion to dismiss filed by the appellee on the 3rd of April, 1914, prior to the argument of the case in this Court, and are also apparent from the face of the record itself.

The first and second grounds relied upon by the appellee in his motion to dismiss are absolutely conclusive, and they are as follows:

(1) Because the appeal was not taken within the time prescribed by the statute, in such case made and provided, and

(2) Because the rulings of the Circuit Court for Montgomery County from which the appeal was taken and which

are sought to be reviewed by this Court, were matters solely within the discretion of the trial Court.

The order for an appeal, as set out in the record, is as follows: "The caveators, plaintiffs, note an appeal in the above entitled cause to the Court of Appeals from all of the rulings of the Court as contained in the record, including among other things the rulings of the Court on the admission and rejection of evidence, the prayers granted and refused, the charge where excepted to by caveators, the overruling of the motion for a new trial on the ground that the juror Diamond was incompetent and such incompetency was unknown to attorneys and caveators (plaintiffs) until after the trial, the overruling the motions filed November 12th, and December 2nd, 1913, respectively."

The order of Court of December 2nd, 1913, was an order overruling the motion to vacate and set aside the verdict and overruling the motion "objecting to any order certifying the verdict to the Orphans' Court." These motions were both based upon the reason "that the juror Herbert L. Diamond, was incompetent and disqualified to sit in the cause and that such disqualification and incompetency was unknown to the attorneys or plaintiffs, until after the verdict, as shown by the affidavits accompanying the motion for a new trial."

It will be seen then that the rulings of the Court, here appealed against, were made after a verdict in favor of the appellee on a trial of issues sent from the Orphans' Court of Montgomery County to the Circuit Court of that county on a caveat to the will of Henry Bradley, deceased, and it is conceded, that they all relate to the alleged disqualification of the juror Diamond, who had been sworn on the panel, as a juror.

There are no bills of exception presenting the rulings or determinations of the Court below, either upon the admissibility of evidence, the instructions of the Court or other rulings in the course of the trial.

An appeal from rulings of a Court of Law, upon the trial of issues sent from the Orphans' Court, is an appeal from some "determination of a Court of law," and must be taken within the time provided by the statute. *Hoppe* v. *Byers,* 60 Md. 381; *Houston* v. *Wilcox.* 121 Md. 100.

The statute (sec. 6, Art. 5 of the Code of Public General Laws) provides that all appeals, or writs of error, allowed from any judgment or determination of a Court of law to the Court of Appeals of this State, shall be taken within two months from the date of such judgment or determination, and not afterwards; and the transcript of the record shall be transmitted to the Court of Appeals within three months from the time of the appeal taken, or writ of error allowed.

It is well settled that the Circuit Court has no authority to enter a judgment on a verdict rendered on issues sent from the Orphans' Court; and the appeal in such cases is taken from the determinations and rulings of the Court, in the course of the trial of the issues. *Browne* v. *Browne,* 22 Md. 103; *Hubbard* v. *Barcus,* 38 Md. 166; *Conrades* v. *Heller,* 119 Md. 462; *Berry* v. *Safe Deposit Co.,* 93 Md. 242; *Johns* v. *Hodges,* 60 Md. 215.

In this case, the verdict of the jury was in favor of the appellee on all the issues and was rendered on August 23rd, 1913. There was no appeal taken until the 2nd day of December, 1913; and as this date was not within the time limited by the statute for an appeal, but afterwards, the appeal from the rulings or determinations of the Court during the trial below, is clearly too late. *Thomas* v. *Thomas,* 57 Md. 504; *Hopper* v. *Jones,* 64 Md. 578.

The orders overruling the motion for a new trial, overruling the motion to vacate and set aside the verdict, and similar orders here appealed against, were orders within the discretion of the trial Court and are not reviewable by this Court on an appeal.

In *Johns* v. *Hodges,* 60 Md. 215, this Court, in dealing with an appeal from similar orders, said, these applications

to the Court being an appeal, in effect, to the discretion of the Court to grant a new trial, the exercise of the Court's discretion is not a subject of review in this tribunal.

In *Whitcomb* v. *Mason*, 102 Md. 284, it is said: It is well settled, that no appeal will lie from an order granting or refusing a new trial the motion for which is always addressed to the sound discretion of the Court. Nor will a litigant be permitted to employ a motion for a new trial as a means of bringing to this Court for its review any matter occurring during the trial of the case to which objection was not made at the time of its occurrence.

An appeal from such orders as overruling a motion for a new trial, objecting to an order certifying the verdict to the Orphans' Court, and for the arrest of any orders thereon, were treated by this Court, in *Johns* v. *Hodges, supra*, as presenting orders within the discretion of the Court and not reviewable by this Court on appeal.

In *Green* v. *State*, 59 Md. 123, the Court said, there was no sufficient ground for arresting the judgment; according to all the authorities an objection of this character should have been made at an earlier stage of the cause, to be of any avail. *Busey* v. *State*, 85 Md. 116; *Young* v. *State*, 90 Md. 585; *State* v. *Vincent*, 91 Md. 728.

Even if we treat the order overruling the motion to vacate and set aside the verdict, as a motion in arrest of judgment, there is no error apparent upon the face of the record, existing at the time the motion was made, for us to review.

The verdict was rendered on the 23rd of August, 1913, and the motion was entered and heard on November 13th, 1913.

Besides this, there is no bill of exception in the record showing any evidence before the Court to support the motion and upon which the Court acted, in overruling the motion. *Johns* v. *Hodges, supra; Green* v. *State, supra*.

*Appeal dismissed.*