# THE STATE *ex rel.* SIDNEY EVANS,

*vs.*

# JOSEPH C. JAMES *et al.*, Supervisors of the Town of Greenfield.

### ERROR TO MILWAUKEE CIRCUIT COURT.

The laying out of a road over the land of a person, by the supervisors, is not taking or appropriating it to public use.

The land over which a highway is laid out cannot be said to be taken for public use until it is opened by order of the supervisors.

The highway must be opened by order of the supervisors before the public acquire any right to travel upon it, and until the right to use the property vests in the public, by virtue of such order, it remains private property, and may be used by the owner in the same manner as before the road was laid out.

The owner of land over which a highway is laid out is not entitled to compensation or damages until the road is opened by order of the supervisors.

A majority of the board of supervisors may order a road opened, but one supervisor cannot sign the name of another to such order without his immediate assent and direction.

THIS is the case of an alternative writ of mandamus, issued by the Circuit Court of Milwaukee county to the defendants in error, which, after referring to and citing an act of the legislature of the state of Wisconsin, entitled an act " Of Highways and Bridges," of title 6 of chapter 16 of the Revised Statutes, and reciting the particular provisions of said act concerning the laying out of highways, set forth at large and in detail the petition of six or more freeholders for the laying out of a certain highway, in part through the improved lands of the relator, the notices posted for a hearing of the said application, the proof thereof, the meeting of the supervisors, the decision upon said application, the survey and description thereof, and the order laying out the road, the application of the relator to a justice for a jury to assess and appraise his damages, the summoning, hearing and verdict of the jury, awarding him $35 for his damages in the premises, the return of such appraisal to the justice, and his certifying thereto and filing it with the town clerk; that immediately thereupon, and before the said application for a jury,

" the said fences were removed by the said Sidney Evans, and the said road opened,"·and "that afterwards, and before the Tuesday next preceding the annual town-meeting of said town (the time fixed by the statute for the annual meeting of the town board for auditing and allowing town accounts and charges), highway taxes and labor were laid out and expended upon the said road upon the said lands of the said Sidney Evans."

" And whereas, it further appears unto us, that you, the said supervisors, had due notice of the said appraisal and assessment of damages, and of all the aforesaid premises, and that you have been often requested to lay the said damages of the said Sidney Evans, consequent upon the laying out said highway, as finally settled upon as aforesaid, pursuant to the provisions of said chapter, before the town board to be audited and allowed, so that the same might be levied and collected in the same manner as other town charges, and that you have hitherto wholly refused, and still do absolutely refuse, so to do, to the great damage and grievance of the said Sidney Evans, as by his complaint we are informed. Wherefore, &c., do therefore command you, the said supervisors, and every of you, firmly enjoining you, that you do, without further delay, forthwith lay the said damages of the said Sidney Evans, consequent upon laying out said highway as finally settled upon as aforesaid, and all lawful charges against the said town, paid by the said Sidney Evans, for the services of the jury in the assessment of said damages, or for the fees of the constable or justice provided for in said chapter, before the board of said town of Greenfield to be audited and allowed, and the amount allowed be levied and collected in the same manner as other town charges, or that you show cause," &c.

To this writ the said defendants made return, and set forth, that it is *not true* that an application in writing was made, signed by six or more freeholders residing in said town ; but admit that one was made, signed by seven *persons*, to said supervisors, and deny that the seven persons who signed were then and there freeholders, and aver that two of the persons signing, to wit, Sidney Evans and Matthew Howcraft, were not then and there freeholders. They deny that the said Sidney Evans was the owner in fee simple of the west half of the northeast quarter of

section 18 aforesaid (through which the said highway was laid out); but, on the contrary, aver, that the wife of the said Sidney was, at the said time when, &c., and thereafter, the owner thereof, and deny that an order for opening the said highway was issued by said supervisors in manner and form as set forth in said writ of mandamus to open said road at all by said supervisors; but the signature of Henry Meyrose, then one of said supervisors, was not signed nor affixed to said order by him, said Meyrose, nor by his directions, but was the sole act of John Bell, then one of said supervisors, who signed his own name, and also affixed the name of Meyrose thereto without authority.

To this return the relator filed his plea, averring that the said application was made by six or more *freeholders* residing in said town, concluding to the country.

2d. That the said Sidney Evans was the owner in fee simple, of the west half of the northeast quarter of section No. 18 aforesaid, at the said time when, &c., and thereafter, and which he prays may be inquired of by the country.

And for further plea, according to the statute, &c., says "that previous to the time for meeting of the town board of supervisors for the year 1853, the said road laid out in the said writ of mandamus mentioned, was opened by order of the supervisors of said town, and this he prays may be inquired of by the country, &c."

On the trial, the jury found, according to the record, as follows, to wit: "On the first and second issues, affirmatively—on the third issue, in the negative." Thereupon the relator filed his motion in writing for judgment *non obstante veredicto*, which said motion, after argument, was overruled and denied by the court, and it was considered that "judgment upon the said verdict be and is hereby entered for the defendants *upon the whole record*," and that they "have and recover of the relator, Sidney Evans, the sum of fifty-two dollars and seventy-six cents for their costs and charges by them in this behalf expended, and that they have execution therefor."

*Yates,* for the relator.

*Downer,* for the respondent.

*By the Court,* WHITON, C. J. We think that the judgment in this case must be affirmed. The finding of the jury, in the court below negatives the existence of the fact upon which the right of the relator to compensation depends, as it shows that his property has not been taken for the use of the public. The laying out of the road over the land of the plaintiff is not taking or appropriating it to the public use. The public acquire no right to travel upon it until a further act is done; that is, until it is opened by order of the supervisors. This, under our statute, is necessary, before the public can use the land as a highway, and until the right to use the property is vested in the public, it cannot be said to be taken. It remains private property. The relator can still use the land in the same manner he did before the road was laid out. *Rev. Stat. chap.* 16, §§ 79, 80; *Sess. Laws,* 1850, *chap.* 141, § 1.

It is true that it may have been the duty of the supervisors to order the road opened for the public use, but although they may have violated their duty by neglecting to open it, the property of the relator is no more taken for the public use than if the neglect of the supervisors did not involve a breach of duty. The relator has the use of the land over which the highway is laid, in the same manner he had before that act was done, and on general principles is not entitled to compensation, because his property has not been taken, while section 1 of chap. 141 above cited, expressly prohibits the payment of the damages occasioned by laying out or altering roads, until the road shall be opened by order of the supervisors.

The counsel for the relator contends that however conclusive the finding of the jury may be, upon the questions of fact submitted to them, still the relator is entitled to a judgment upon the whole record, because a material matter alleged in the alternative writ of mandamus, was not traversed, nor confessed and avoided by the respondents in their return.

The affidavit for the alternative writ of mandamus states that the relator " did remove his fences from within the bounds of said highway, and the said highway was then and there opened." The affidavit further states that highway taxes and labor were laid out and expended upon the said road, laid out over the lands of this deponent as aforesaid under the direction of the

overseers of highways for that district, and the alternative writ itself recites substantially the same facts. These facts, the counsel for the relator contends, were not traversed, nor in any way noticed in the return to the writ, and must therefore be taken to be true; and if true, are decisive of the question.

Without stopping to inquire whether the relator, in order to avail himself of the alleged defect in the return, should not have moved to quash the return, instead of pleading to it, as he did, we are satisfied that the return does not traverse the fact of the opening of the road, and that it was quite immaterial whether the relator removed his fence to the line of the road or not, and whether highway labor was expended upon the road or not under the direction of the overseers of highways. The material question is, whether the road became a public highway by being opened by the supervisors. The whole statement upon this subject contained in the affidavit is as follows: " And this deponent further says that after the said road or highway was duly laid out by the said supervisors, as aforesaid, and duly recorded in the town clerk's office of said town, to wit, on the 16th day of February, 1853, this deponent was ordered and required by the said supervisors to remove his fences from within the bounds of said road upon the lands of this deponent, and the said road thereby ordered to be opened by the said supervisors—which said command and order of the said supervisors was and is in substance as follows:

" *To Mr. Sidney Evans.* SIR:—Please take notice that we, the supervisors of the town of Greenfield, having by an order duly made and filed with the town clerk, bearing date the 31st day of January, 1853, laid out a public highway through your improved land, do hereby require you to remove your fences from within the bounds of said highway, within thirty days after the service of this notice.

*Greenfield, February* 16, 1853.

JOHN BELL, } Supervisors.
HENRY MEYROSE, }

" And this deponent further says, that within the thirty days after the date of said order, and before he made application for a jury as aforesaid, he did remove his fences from within the

Evans vs. James et al.

bounds of said highway, and the said highway was then and there opened. And this deponent further says, that afterwards and prior to the meeting of the supervisors of said town, for the auditing of the accounts against said town, highway taxes and labor were laid out and expended upon said road, laid out over the lands of this deponent as aforesaid under the direction of the overseers of highways for that district." These allegations of matters of fact, are recited in the alternative writ of mandamus.

The respondents in their return to the writ state as follows: "And these defendants, supervisors as aforesaid, also deny that on the 15th day of February, A. D. 1853, an order for opening said road was issued by said supervisors in manner and form as set forth in said writ of mandamus and they deny that the order mentioned in said writ to open said road was issued at all by said supervisors, but the signature of Henry Meyrose, then one of said supervisors, to said order, was not signed or affixed to said order by him, said Meyrose, nor by his direction, and said order was the sole act of John Bell, then one of said supervisors, who signed his own name to said order and also affixed thereto the name of said Henry Meyrose unlawfully and without authority of said Meyrose or by his approbation and consent."

After the return to the alternative writ was made, the relator filed several pleas, of which the following was one:

"And the said Sidney Evans, relator as aforesaid for further plea, according to the statute in such case made and provided, says that previous to the time for meeting of the town board as supervisors of said town, for the year 1853, the said road laid out, in said writ of mandamus mentioned and specified, was opened by order of the supervisors of said town; and this he prays may be inquired of by the country, &c."

The issue thus formed was tried by the jury, who found in favor of the defendants.

It seems quite clear that the finding of the jury was conclusive. It cannot in fairness be claimed that the alternative writ alleges the opening of the road except in pursuance of the order which is set out in it, and which is above recited.

The making of this order by a majority of the board of supervisors, is denied by the return and affirmed by the plea, and the jury have found upon this issue in favor of the respondents. The judgment of the court below must therefore be affirmed.