Scott vs. Joint School District No. 16 of the Towns of Caledonia and Mt. Pleasant.

*March 7 — March 24, 1881.*

School-District Board. *(1) Its power to discharge teacher.    (2, 3) Evidence and presumptions as to contract with teacher.*

1. In the absence of any express direction to the contrary, made by the district at a district meeting, the school board has power to close the district school and discharge the teacher *for just cause*, before the expiration of his term. Where the teacher is discharged by the board before the close of his term, the district will be liable to him for damages resulting from such discharge by loss of his wages for the residue of his term, unless it is shown by proof that at the time of such discharge he was not properly performing his contract.

2. The written contract produced in evidence by plaintiff and under which he claims, describes the contracting district merely as "School District No. 16," instead of using defendant's full legal name; but it was introduced as a contract with the defendant; plaintiff testified that he taught

defendant's school under it, and that defendant's school board paid him for the time he taught, at the rate specified in said contract, and refused to let him complete the term, etc.; no objection was taken to this evidence, and no counter evidence was introduced; and the answer substantially admits that plaintiff was employed to teach defendant's school, and was discharged by the board thereof as alleged in the complaint. *Held*, that the contract produced was sufficiently shown to be a contract *with this defendant*.

3. The contract put in evidence was signed by two persons who, at the time of the trial, only a few months after it was made, and before the annual meeting for the election of district officers, were members of the district board. *Held*, that it must be presumed that they were such officers when the contract was made; and also that they acted rightly, and not without consulting the other members of the board.

APPEAL from the Circuit Court for *Racine* County.

The case is thus stated by Mr. Justice TAYLOR:

" The plaintiff brought an action in justice's court against the defendant school district to recover his wages for teaching its school. He set out in his complaint a written contract, by which he alleges that he was employed by said district to teach the school for four months at the rate of $35 per month, to commence on the 24th day of November, 1879; that on that day he commenced teaching said school, and continued to teach the same until the 2d day of February, 1880, when the defendant, without any just cause, closed the school and refused to permit him to teach longer. He further alleges a readiness and willingness to teach said school for the full term of four months; and that, by reason of the defendant's refusal to permit him to teach the full term, he has sustained damage to the amount of $52.50, for which he demands judgment.

" The defendant's answer, after a qualified general denial, admits its existence as a school district; denies that it refused to permit the plaintiff to perform any contract on the 2d of February, 1880, or at any other time, or that it unjustly or without cause closed its school or refused to permit the plaintiff to fulfil his contract, as set forth in the complaint; alleges that if the defendant dismissed the plaintiff it was because the plaint-

iff carelessly, negligently and unskilfully conducted the school, and that on account of such carelessness, unskilfulness and negligence of the plaintiff it was necessary to close said school and discharge him therefrom. There were several other answers, which cut no figure in this case. The cause was tried in the justice's court with a jury, which found a verdict for the defendant. The plaintiff appealed to the circuit court from the judgment against him, but made no affidavit to entitle him to a new trial, and the action was heard in said court upon the proceedings and evidence returned to that court by the justice.

"The evidence was very brief. Plaintiff introduced in evidence a written contract purporting to be made by school district No. 16 of the one part, and the plaintiff of the other part, employing the plaintiff to teach the school for four months, commencing on the 24th of November, 1879; and the district agrees to pay him for such services the sum of $35 per month, or $140 in all. The contract is signed by George Mann, clerk; George T. Green, treasurer; and Quincy Scott. After giving in evidence the contract, the plaintiff testified, in his own behalf, that he agreed to teach the school at Fauksville, and entered upon the service under said contract on the 24th of November, 1879, and taught the school two and a half months, lacking one day; that he did not fulfil the contract, because the board closed the school; that he was willing to complete the contract, and offered to do so to the board. The board closed the school on the 2d of February. 'The clerk and treasurer came into the school and wished me to resign. I said I would not, and that I would sue for all my wages if not permitted to complete my contract. A director came in and said he would like me to go on and finish, as his boys were learning well.' He also testified that he had been paid for all the time he actually taught, viz., for two and a half months, lacking one day, at the rate of $35 per month, and that he sustained damage, by reason of closing the school, $52.50; and that he

was unable to get any other employment, after he was turned out of the school, during the remainder of the four months. He further testified that he wrote the contract, and had written other contracts at other schools he had taught. No objection was taken to any of the evidence offered, and no evidence was given on the part of the defendant in any way contradicting that of the plaintiff. The only evidence the defendant offered was, that the plaintiff said, at the time he was dismissed from the school, that if they would let him go on two weeks longer he would resign to take the census. In reply to this, the plaintiff testified that he said to these witnesses that if they would let him go on for two weeks, if the district wanted him to resign he would do so, but not for the board. 'They closed the school at that time, and refused to let me go on.' "

The circuit court affirmed the judgment of the justice, and the plaintiff appealed.

For the appellant there was a brief by *Fish & Dodge*, and oral argument by *Mr. Fish*.

For the respondent there was a brief by *S. & A. S. Ritchie*, and oral argument by *A. S. Ritchie*.

TAYLOR, J. It will be seen from the evidence as above stated, that no attempt was made on the part of the defendant to justify the board in closing the school and discharging the plaintiff before the end of his employment. We think the school board, in the absence of any express direction to the contrary made by the district at a district meeting, have the power to close the school and discharge the teacher for just cause. When they undertake to close the school and discharge a teacher lawfully employed, they are acting within the scope of their authority, and the district becomes liable for their acts. Unless the discharge of the teacher be justified by proof of the fact that he is not properly performing his contract on

his part, the district becomes liable to the teacher for such damage as he may sustain by such discharge in the loss of wages for the residue of his term. *Tripp v. School District No. 3, Town of Utica*, 50 Wis., 651.

On the part of the learned counsel for the respondent it is urged, that the plaintiff did not show any contract made by the defendant. We think this objection is not well taken. The plaintiff gave in evidence the written contract as the contract of the defendant district, without any objection made on the part of said district. He then states, without objection, that he taught the school of the defendant district under that contract, and that the school board of the defendant district paid him for the time he taught, at the rate of $35 per month, the rate fixed in the contract, refused to let him finish the term for which he was employed, and closed the school against his protest and wish, and refused to let him teach the remainder of the term. In the absence of any objection to this evidence, and any proof to the contrary, we think it must be held that the school the plaintiff says he taught under the contract, was the school of *Joint School District No. 16 of the towns of Caledonia and Mt. Pleasant*, the defendant in the action; that the board which discharged him was the board of the defendant district; and that such board at least recognized the contract as the contract of the defendant district, by paying the plaintiff for the time he taught according to the terms thereof. In addition, if we consider the fact that the third answer of the defendant substantially admits that the plaintiff was employed to teach the school of said joint school district No. 16, and that the board of said district discharged him as he alleges in his complaint, and justifies such discharge by alleging that the plaintiff was careless, negligent and unskilful in the conduct and management thereof, and that on account of such carelessness, etc., the school became deteriorated, and that it was necessary to close the same, it must be held as

.proved in the case, that the contract was the contract of the defendant district, although the district named in the contract is described as "District No. 16," instead of "*Joint School District No. 16 of the towns of Caledonia and Mt. Pleasant.*" If there had been any denial that the contract given in evidence was in fact the contract of the defendant district, it would have been competent, without violating any rule of evidence, for the plaintiff to have shown by parol that "School District No. 16," mentioned in the contract, was in fact the defendant in this action.

We are also of the opinion that as the contract shows it was signed by the two persons who at the time of the trial, only a few months after it was made and before the annual meeting for the election of district officers, were then two of the district board, they must be presumed to have been such officers at the time the contract was made. The contract being signed by two of the board, is, we think, *prima facie* evidence that it was made by the board. The presumption must be that they acted rightly; and if it be alleged that they acted without consulting the other member of the board, such fact should be made to appear by affirmative evidence on the part of those alleging it. See *State ex rel. Evans v. James*, 4 Wis., 408.

It is also objected that there is no proof that the district board discharged the plaintiff. The only reply necessary to be made to this objection is, that the plaintiff testifies that the board did discharge him and refused to let him continue his employment. This evidence was permitted to be given without objection. And in addition he swears that two of the board, the clerk and treasurer, did discharge him, and that the other, the director, was in favor of his continuing the school. We are very clear that the evidence on the part of the plaintiff was sufficient to show a refusal by the board, as such, to permit him to teach the time for which he was employed.

Upon the uncontradicted evidence the plaintiff was entitled to recover, and the verdict for the defendant is wholly unsup-

ported by any evidence in the case, and the circuit court should have reversed the same.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to the circuit court to reverse the judgment of the justice.