(Decided 11th October, 1893.)

---

RAPHAEL DOWNS *vs.* STATE OF MARYLAND.

*Summoning Grand Juries—Regular term of Court—General election.*

A term of the Circuit Court for St. Mary's County, designated in section 21, of Article 4 of the Constitution, as an intermediate term, to which jurors shall not be summoned, is a "regular term" within the provisions of section 6, of Article 51 of the Code requiring the clerk of the County Commissioners to file with the clerk of the Circuit Court a list of the male taxable inhabitants of said County from which a grand jury is to be selected, not less than twenty days before the beginning of the second regular term after each general election.

A general election for representatives in Congress and for President and Vice-President of the United States, is a general election within section 6 of Article 51 of the Code, requiring the grand jury list to be filed twenty days before the second regular term of the Circuit Court after each general election, although no State officers or members of the General Assembly are to be elected.

The selection of a grand jury from the registries of voters instead of selecting them from the poll books, as required by section 6, of Article 51 of the Code, will not invalidate the grand jury, since the two lists, so far as the names are concerned, are identical.

APPEAL as upon Writ of Error, from the Circuit Court for St. Mary's County.

The appellant was indicted in the Court below for an assault with intent to kill L. J. Wise. A plea in abate-

ment was filed to the indictment. The State demurred to the plea, and the Court (CRANE, J.,) sustained the demurrer. The traverser thereupon pleaded not guilty, and submitted his case to the Court, who found him guilty of the offence charged in the indictment, and sentenced him to confinement in the penitentiary for the period of two years. The case is further stated in the opinion of this Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, McSHERRY, and BRISCOE, J., for the appellee, and submitted on brief for the appellant.

*Joseph H. Ching,* and *Frank N. Holmes,* for the appellant.

*B. Harris Camalier, State's Attorney for St. Mary's County,* for the appellee.

*John Prentiss Poe, Attorney-General,* filed a brief for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is a writ of error from the Circuit Court for St. Mary's County, and the errors assigned are that the grand jury which found the indictment on which the appellant was tried and convicted was illegally drawn and constituted—first, because the Judge selected the one hundred and fifty names from a tax list furnished by the clerk of the County Commissioners, February 1st, 1893, when the same should have been selected from the list filed by the said clerk prior to the September Term, 1892, of said Court; and, second, because the Judge selected the said names from the duplicate registries of voters of the several election districts of St. Mary's County, instead of from the poll books of the

several election districts, filed in the clerk's office of said Court after the last general election of 1892.

While the provisions of our Code in reference to the drawing of juries are mandatory, yet we have always said that a substantial compliance is sufficient. *Green vs. State,* 59 *Md.,* 123; *Avirett vs. State,* 76 *Md.,* 510.

. The tax list from which the grand jury was selected in this case may be assumed to have been correct and complete in every respect, except as to the time of filing, for the plea in abatement does not allege any other defect, nor is there anything in the record to the contrary. Indeed the tax list which was used may have been for anything that appears in the case, an exact reproduction of the one which, it is contended, should have been, but was not used.

But in addition to this view, it would appear that the tax list which was in fact used by the Judge in selecting the names is the list which the law (Code, Art. 51, sec. 6,) designates. The clerk of the County Commissioners by the section just referred to is required to file with the clerk of the Circuit Court not less than twenty days before the beginning of the second regular term of said Court after each and every *general election,* a fair and complete list of the male taxable inhabitants of the county not under twenty-five years of age. The tax list used was filed with the clerk of the Court on the first day of February, 1893, which was more than twenty days before the beginning of the March Term of the Circuit Court for St. Mary's County. It is conceded that the term last named is a regular term of the Court, but it seems to have been supposed that the December Term was not a regular term, because it is a "non-jury term," or as designated in the Constitution, Art. 4, section 21, "intermediate terms to which jurors shall not be summoned." But it seems to us very clear that both terms are regular terms,—the times for holding them having been fixed and regulated by law,—and the fact that a jury

is not required at the December term makes it none the less a regular term.

Was the election held in November 1892 "a general election?" It is true it was not a general election for members of the General Assembly, and state officers generally, but it was a general election for representatives of the State in the Congress of the United States, as provided by Art. 33, sec. 118 of our Code, and for election of President and Vice-President of the United States. Art. 33, sec. 109. It would seem therefore, that the tax list filed on the first of Febuary, 1893, was, as provided by Art. 51, sec 6, filed not less than twenty days before the beginning of the second regular term of said Court after the general election of November, 1892.

The second assignment of error does not appear to present any serious difficulty, for while the Code (Art. 51, sec. 6,) provides that the names to be used by the Judge in the selection of juries shall be taken from the tax list *and* the poll books, it will be seen that under the registration law as now in force, the registries of voters and the poll books, so far as the names are concerned are identical, the former showing who are the qualified voters, and the latter, while containing all the names on the former, indicate also who have actually voted. Code, Art. 33, sec 7.

The list of names on the registry and poll books be_ing substantially the same, the selection of the names from either would be a sufficient compliance with this provision of the law. In the case relied upon by the appellant, (*Avirett vs. State,*) we held that the grand jury there in question was not legally constituted because the names were not selected either from the tax list or the poll books.

The rulings appealed from will be affirmed, and the writ of error dismissed.

*Writ of Error dismissed.*

(Decided 22nd June, 1893.)