# THE STATE OF MARYLAND vs. RUFUS H. VINCENT.

*Statutory Provision as to Number of Members to Constitute a Grand Jury Is Mandatory—Invalidity of Indictment Found by an Illegally Constituted Grand Jury—Demurrer to Indictment—Waiver of Defect.*

When a statute prescribes that a grand jury shall be composed of a certain number of jurors, that provision is mandatory, and an indictment found by a grand jury composed of fewer members than the minimum number required by the statute is invalid; but this objection may be waived by pleading to the merits without taking advantage of the defect.

Code, Art. 51, secs. 7, 10, and Public Local Laws, Art. 17, secs. 178 and 179 provide that it shall be the duty of the judges of the Circuit Court for Prince George's County to select in a designated manner and from prescribed sources, twenty-three persons to constitute the grand jury for each jury term of Court. *Held*, that when an indictment shows upon its face that it was found by a grand jury composed of only twenty-two members it will be quashed upon demurrer.

When there is nothing apparent upon the face of the indictment to repel the presumption that the grand jury which found it was regularly selected, the question as to its legal selection should be raised by plea in abatement before pleading to the merits, but where the indictment itself discloses a defect in this regard, the objection may be properly taken by demurrer.

An indictment set forth that at a term of the Circuit Court for Prince George's County, begun on the 2nd of April, &c., there were duly selected and chosen, A. B. as foreman and twenty-one other good and lawful men, to wit, &c., who, together with the foreman, constituted and composed the grand jury for said county   *Held*, that this language reasonably imports that all the grand jurors were selected on the first day of the term of Court, instead of fifteen days prior thereto as required by statute, and that the grand jury was composed of twenty-two instead of twenty-three members as required by statute, and that a demurrer to the indictment raises the questions as to the time of selecting and the legal constitution of the grand jury.

Appeal from a judgment of the Circuit Court for Prince George's County (MERRICK, J.,) sustaining a demurrer to the indictment and quashing the same.

The cause was argued before McSHERRY, C. J., FOWLER, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Isidor Rayner*, Attorney-General, (with whom was *Wm. M. Lewin*, State's Attorney for Prince George's County, on the brief), for the appellant.

Aside from any question of collateral attack, the statute prescribing the number is merely directory, in any view of the case ; being designed solely to secure the presence of a number sufficient for *twelve to concur* in an indictment. The question is an open one in this State and any authority elsewhere seemingly to the contrary will be found to be based upon the special phraseology of the particular statute

under review. *State* v. *Scarborough*, 55 Md. 345; *State* v. *Glascow*, 59 Md. 209, 212; *State* v. *Ostrander*, 18 Iowa (Withrow), 435, 439, 444, note; *Pybos* v. *State*, 3 Humph. (Tenn.) 49; *Comm.* v. *Wood*, 2 Cush. (Mass.) 149, 151; *State* v. *Davis*, 2 Iredell's Law, 153, 157; *Beasely* v. *State*, 89 Ills. 571, 576; *Weeks* v. *State*, 31 Miss. 490, 498, 500; *Hudson* v. *State*, 1 Blackf. (Ind.) 317, 319, 320.

Although there may be a deficiency in the number of grand jurors summoned, nevertheless, if enough appear to form a jury, the Court is not compelled to supply the deficiency, *notwithstanding the statute requires* that if for any reason the panel shall not be full at the opening of Court, the judge shall direct the sheriff to summon a sufficient number of persons. *Thompson & Merriam on Juries*, section 490.

The objection to the smaller number is one of "*minor importance*" (1 Blackf., *supra*) and, to be availed of by the accused, he must first show by *affirmative evidence* that he has sustained some *substantial injury* (*Keating's case, infra*) by reason of the smaller number.

But so far from any *injury* resulting to the accused by reason of the smaller number, the *reverse* is true; for, *even in the case of the jury that indicts*, the *smaller* the number the less the *likelihood* of securing the concurrence of the necessary *twelve*. *State* v. *Keating*, 85 Md. 188, 196; 1 *Bish. New Crim. Proc.*, section 855; *State* v. *Clayton*, 11 Rich. (S. C.) Law, 581, 590.

Technically the *names* are selected, in Prince George's County, when the drawing takes place, under section 178 of article 17 of the Public Local Laws; but in the broadest sense a *juror* cannot be said, in the language of the indictment, to be fully "selected and chosen" *unless* and *until*, found *upon trial* to be otherwise qualified, he is accepted by the Court and directed to be sworn. Up to this time the selection is *in fieri*. The averment of the indictment, therefore, means that *on the first day of the term* the grand jurors were tried and *approved* by the Court, and

that all essential *preliminary steps* to that end had been taken.    Otherwise, *selection* would mean *failure to reject;* but even this *failure* is not *complete* until the time for the administration of the oath.    *State* v. *Seaborn,* 4 Dev. (Law) N. Car. 305, 308.    Even if it be contended that the averment as to the time of the selection is ambiguous, nevertheless, such fault could not be reached by a *general* demurrer.    *King* v. *Stevens,* 5 East. 244, 257; *King* v. *Dudman,* 4 B. & C. 850, 854; *Gardiner* v. *Miles,* 5 Gill, 94, 100; *Mitchell* v. *Williamson,* 6 Md. 210, 218.    But, upon any construction of the statute as to the time when the jurors *should* be selected, and of the *averment* as to the time when they *were* selected, it still remains that the requirement of the statute as to the selection is merely *directory* as to time (provided, of course, that it is not *prior* to the day of which the Court crier gives the notice) and, again, the accused must establish by affirmative *evidence* that he suffered *injury* by any delay of which he seeks to take advantage.    *State* v. *Keating,* 85 Md. 196; *State* v. *Smith,* 38 S. C. 271; *Colt* v. *Eves,* 12 Conn. 244, note (At.); *Burlingame* v. *Burlingame,* 18 Wis. 285; *State* v. *Pitts,* 58 Mo. 558; *State* v. *Smith,* 67 Me. 328; *Johnson* v. *State,* 33 Miss. 364; *Rafe* v. *State,* 20 Ga. 64-65; *Claussen* v. *LaFranz,* 1 Iowa, 241; *State* v. *Davis,* 14 La. Ann. 678; *Thompson & Merriam on Juries,* sections 579, 556 (4); *State* v. *Co. Comm.,* 29 Md. 516, 522.

There is nothing in the *record* to show that *at the term,* to wit, on the second day of April, the Court did not, *for good and sufficient reasons,* in the exercise of its lawful discretion, excuse *every one* of the *venire* men and select others in their stead.    If this power existed as to *three* in the *Mill's case,* why may it not have been rightfully exercised as to *all* in this case.    *Mills* v. *State,* 76 Md. 274, 278, 280; *Thompson & Merriam on Juries,* section 498 (3); *Emerick* v. *Sloan,* 18 Iowa, 140.

*James C. Rogers,* for the appellee, submitted the case on his brief.

PEARCE, J., delivered 'the opinion of the Court.

The appellee was indicted in the Circuit Court for Prince George's County for the crime of perjury before the same grand jury by which the indictment was found. Upon arraignment he pleaded not guilty, but subsequently, and presumably with the leave of the Court, withdrew this plea, and filed a general demurrer to the indictment, and the Court sustained the demurrer and quashed the indictment, from which action this appeal is taken. The chief and the only substantial question presented, is whether it does not appear upon the face of the indictment, and from its express averments, that the grand jury was so selected, drawn and constituted, as to be incompetent to find a valid indictment.

Ordinarily there is a presumption of law that the grand jury was legally and regularly selected, drawn and empanelled, according to law, and that its proceedings at the time the indictment was found were in every respect legal and regular. *State v. Scarborough*, 55 Md. 350. But this presumption, the appellee insists, does not arise in this case, because he contends that the indictment upon its face shows :

1st. That the grand jury was selected and chosen on the first day of the term, when the law provides that it shall be selected and drawn not less than fifteen days before the term ; and,

2nd. That it was composed of only twenty-two grand jurors, when the law prescribes *twenty-three* as the requisite number. We shall transcribe here so much of the indictment as it will be necessary to consider in determining this appeal.

" The grand jurors of the State of Maryland for the body of Prince George's County, do on their oath present, that heretofore, to wit, at a term of the Circuit Court for said County * * * begun on the first Monday of April, being the second day thereof in the year nineteen hundred, there was present the Hon. George C. Merrick, one of the Associate Judges of the Seventh Judicial Circuit of said State, embracing said county, * * * * * * and

at the same term of said Circuit Court, to wit, *on the second day of April in said year*, there was duly selected and chosen George W. Wilson as foreman, and *twenty-one* other good and lawful men, to wit, William Berry, E. L. Houseman, Daniel McBarron, Joseph W. Clarke, William Binger, John B. Dale, Columbus C. Chew, George Gude, James T. Grimes, Samuel Dugan, J. M. T. Martin, Edward W. Perrie, Thomas H. Lyons, E. M. Hurley, Peter P. Tighe, Otho S. Pumphrey, J. Henry Murray, Nathaniel E. Hungerford, Edward H. Butler, John F. Dent and Benjamin H. C. Bowie, who, together with the said foreman, constituted and composed the grand inquest of the State of Maryland for the body of said county, commonly called the grand jury, for the April term of said year, who were then and there, in due form of law, sworn and charged to inquire, &c."

Where there is nothing apparent upon the face of the indictment to repel the presumption that the grand jury was regularly and legally selected, drawn and empanelled, the question should be raised by plea in abatement before pleading to the merits, but where the indictment itself discloses an alleged fatal defect in this regard, the objection may be properly taken by demurrer.

Under the laws of Wisconsin, a grand jury constituted of a less number than sixteen is insufficient to find a good bill, and in *Fitzgerald* v. *State*, 4 Wis. 412, the indictment was as follows:

" STATE OF WISCONSIN,

    *La Fayette County*, *to wit:*

" The grand jurors of the State of Wisconsin, to wit, twelve good and lawful men duly elected, drawn, empanelled and sworn to inquire, &c."

The Court said the part laid under the *videlicet* might have been omitted and the indictment still have been good, " because then the legal presumption would have been that the jury was legally constituted; but here the case is different, the number being stated under a *videlicet*," and it was held that what was laid under the *videlicet* could not

be rejected as surplusage, and that the indictment would not support a verdict and conviction.    We think the words "*was* duly selected and chosen" though grammatically inaccurate, embrace as well the other jurors named, as the foreman and reasonably import that all were selected and chosen on the first day of the term, instead of fifteen days prior thereto, and that the grand jury was constituted of twenty-two, instead of twenty-three good and lawful men, and that therefore the demurrer raises in the proper manner and at the proper time, both objections made as to the legal selection and constitution of the grand jury.

Section 7 of Art. 51 of the Code of Public General Laws, which is applicable to Prince George's County, provides that it shall be the duty of the Judges of the Circuit Courts for each of the counties, not less than fifteen days before the commencement of each jury term, after notice given to the bar, of the time and place of meeting, to select from certain prescribed sources, a panel to consist of a certain number of names for each county.    Sections 8 and 10 of the same article, as they appear in Poe's Supplement to the Public General Laws of Maryland, are not in force in Prince George's County except as to one wholly immaterial matter the other matters dealt with in those sections being regulated in that county by sec. 178 of Art. 17 of its Public Local Laws, and by sec. 179 of the same article as amended and re-enacted by Chapter 483 of the Acts of Assembly of the year 1898.    The only material difference between sec. 8 of the Public General Law, and sec. 178 of the Public Local Law, being that under the former, 48 jurors are drawn—while under the latter 73 are drawn; but the differences between sec. 10 of the Public General Law and sec. 179 of the Public Local Law, are numerous and important.

Under section 10 of the General Law, the Court, at the beginning of the term for which the 48 jurors were drawn and summoned, selects and appoints one as foreman of the grand jury.    The remaining 47 names are then placed in a

box and are drawn out, one by one, the first twenty-two names drawn, together with the foreman previously appointed, constituting the grand jury, and the remaining 25 names the petit jury, for that term.   If, for any reason, any one so drawn as a grand juror is not present at the conclusion of the drawing, or is disqualified or excused for cause, the Court is required to fill such vacancy or vacancies from the remaining 25 names of those who are present in the order in which they were drawn, and may thereupon in its discretion fill the vacancies so made in the petit jury, by drawing the necessary number of additional names as provided in section 8, or may direct talesmen to be summoned as provided in section 9.

It will thus be seen that under the General Law, after selecting and drawing the 48 names, not less than 15 days before the commencement of the term and the issuing of the *venire*, nothing more is authorized to be done until the commencement of the term, except that authority is given to draw other names to supply the place of those of the 48, who are returned by the sheriff prior to the commencement of the term, as dead, sick, or otherwise unable to attend, or absent and therefore not found.   There is, and can be, no designation of the grand jury until the commencement of the term.

Section 179 of the Local Law of Prince George's County provides that of the seventy-three jurors directed by the General Law to be drawn fifteen days before the term, the twenty-three names first occurring in the order in which they were drawn, shall " constitute and be the grand jury for the ensuing term," and that the remaining 50 names next in the order of drawing, shall constitute and be the petit jury; and provision is made for dividing the petit jury into two panels, and for regulating the alternate attendance of these two panels.   The section further requires that "the persons constituting the grand jury shall attend at the first day of the term," and that " the clerk shall publish a list of jurors in the newspapers published in said county for

two successive weeks before the commencement of each jury term of Court." No express authority is given for the appointment of a foreman of the grand jury, this being doubtless regarded as within the inherent power of the Court. Section 10 of the Public General Law, as amended by chapter 153 of 1892, extends the operation of that section to Prince George's County, so far, and so far only, as to authorize the appointment of a substitute foreman, in event of the death, disability or absence of the regular foreman.

We have deemed it proper to set forth at length the provisions both of the General and Local Law in reference to the selection, drawing and organizing of grand juries, in order that there may be no misapprehension as to the scope and effect of the decision in this case.

We do not think it necessary to determine the first objection raised here, viz., that the provision that the jury must be drawn fifteen days before the commencement of the term, is a mandatory provision, the neglect of which invalidates the drawing. In *State, ex rel. Webster*, v. *County Commissioners of Baltimore County*, 29 Md. 516, it was said " that where the duty prescribed is of a public nature, and intended for the public benefit, and is directed to be performed within a specified time, the statute is in respect to time, directory merely, unless from the nature of the act to be performed, or the language employed in the statute, it plainly appears that the designation of time was intended as a limitation of the power of the officer." The principle thus laid down has been repeatedly applied in later cases in this State, and if this question arose under the provisions of the Public General Law of the State to which we have referred, it would be difficult, we think, to imagine a situation more imperatively requiring its application. The reasons leading to this conclusion are too obvious to require statement. The publication of the list of jurors drawn for two weeks before the commencement of the term, which is required by the Local Law under which this case arises,

cannot be made unless the drawing is made at least two weeks before the commencement of the term, and the argument suggested is that the purpose of the provision is designed to inform the public, in advance of the commencement of the term, who are the grand and petit jurors, and to give opportunity for objection either to individuals or to the array, and that from the nature of the act to be performed it appears that the language employed in designating the duty must be regarded as mandatory; but upon this question we shall intimate no opinion, as it is not necessary to the determination of this case in the view we take of it.

The second objection made is distinctly raised upon the record and we think is fatal to the validity of the indictment. The same question was sought to be raised in *State* v. *Scarborough, supra,* by plea in abatement, and the Circuit Court for Harford County sustained the plea and quashed the indictment; but on writ of error this Court held the plea bad, because it might be true as alleged in the language of that plea, that the grand jury consisted of only 22 members at the time the indictment was found, and yet be a legally constituted and a competent jury, even though it were conceded that the panel would be illegally constituted and incompetent to act, if it had not originally consisted of 23 jurors, a question in regard to which the Court there declined to intimate an opinion.

Upon that question there is much diversity of opinion in the adjudged cases, which may be conveniently divided into three classes : 1st. Those which hold that a Court has no authority to try a person upon an indictment found by a grand jury composed of fewer members than the minimum number required by statute, and that objection upon this ground may be raised at any time, and in any manner, and cannot be waived by any act, or failure to act, on the part of the defendant ; 2nd. Those which hold that the objection is waived by failure to take advantage of the defect before pleading to the merits ; and 3rd. Those which hold that statutes fixing the number to compose a grand jury, are di-

rectory merely, and do not alter the common law rule by which any number between 13 and 23 constitute a competent jury.

It is settled in this State that an objection of this character does not go to the jurisdiction, but is waived by pleading to the merits, and can not avail on motion in arrest of judgment. *Green* v. *State*, 59 Md. 126. The question here being properly raised by demurrer, before plea, we have only to determine whether the provision of our statute fixing 23 as the proper number, is mandatory or directory, and in determining this question we should be guided by the principles announced by this Court in dealing with analogous cases arising under our jury laws.

In *Clare* v. *The State*, 30 Md. 163, the Court said: "No grand jury could be lawfully assembled in the City of Baltimore except by virtue of the jury law. If its essential requirements have been disregarded in reference to the selection and summoning of the grand jury in question, that body had no authority to act as such, and any indictment found by it, was void, and must be so regarded by the Courts *as if expressly so declared by statute.*" In that case there is little room for difference of opinion, since the selections were not made by the Judges in consultation as required by the statute, but were made by the clerk, and adopted by the Judges acting separately.

In *Green* v. *The State, supra*, this Court said: "The general method prescribed for drawing juries is mandatory, and substantial compliance with the provisions thereof, in respect to the selection and drawing of jurors is necessary in order to make the jury a legal one; otherwise, the statutory provisions would be wholly nugatory." Surely, the number of jurors directed to be drawn for a grand jury, is a material part of the prescribed method of drawing, and the selection and drawing of 22 jurors only, can scarcely be regarded as a substantial compliance with the direction to select and draw 23 jurors to constitute a grand jury.

In *Avirett's case* 76 Md. 536, the Court quoted with ap-

proval the language of Coleridge, J., in *O'Connell's case*, 11 Clark & Finnelly, 414, 415, "that all questions touching the *formation* of juries must be examined by the Judges with very critical eyes," and then proceeded as follows: "If the selection of names be made *privately*, when the law declares they shall be made *publicly*; if they be made *before* the day designated for them to be made, when the law requires them to be made *on* that day; and if they be made from sources not mentioned in the statute, instead of from the two specifically prescribed thereby, and a jury thus selected and drawn, be held to be a legally constituted panel, then the most material provisions of the jury law will be swept away by sheer judicial legislation." And see *Downs* v. *State*, 78 Md. 130.

In *Keating* v. *State*, 85 Md. 198, citing *State* v. *Glascow*, 59 Md. 210, it was said that "though there be irregularities in the selection and drawing of a jury, the proceedings will not be set aside unless the Court can see that they have resulted, or may result, to the prejudice of the party accused," and this is certainly sound law, but the irregularity in that case in no manner affected the composition of the grand jury, and we know of no authority in this State tending to show that the failure to select and empanel the prescribed number of grand jurors can be regarded as a harmless irregularity. The presumption is that if the twenty-third juror had been drawn in the case, he would have participated in the deliberations of the grand jury (though it is clear that his presence at the time of finding the indictment was not necessary) and who can tell what influence his presence and counsel might have exerted over his associates? It is worthy of observation that in the reported argument of the late distinguished Attorney-General Gwinn in *Scarborough's case*, while contending successfully that the plea in abatement was defective, he admitted that "this provision is *mandatory* in the strictest sense of the word," and said, "no grand jury can be legally constituted in Cecil County unless a foreman is appointed by the Court from

the 48 jurors drawn and summoned, and *twenty-two* other names are drawn from that panel for the purpose of constituting the grand jury."

In *Doyle* v. *State*, 17 Ohio, 222, where the statute required 15 qualified persons to compose a grand jury, and one of the fifteen drawn had not the requisite qualification as to residence, it was held that an indictment found by such jury was void. The Court said: "Fourteen are not a grand jury. The fact that twelve of the grand jury may find a bill is no answer to the objection. That does not prove that a less number than fifteen qualified persons can compose a grand jury." In *McQuillen* v. *State*, 8 Smedes & Marshall, 597, it is said: "These restrictions are guards thrown around the liberty of the citizen. *They constitute an important part of the right of trial by jury.* A grand jury does not by our law, consist of thirteen or more men congregated by accident, or by the mere order of Court, in a jury box, but it consists of the *requisite number* of competent individuals, selected, summoned and sworn according to the forms of law, and if the law be not followed it is an incompetent grand jury." These two cases are cited by the Court with approval in *Clare's case, supra*, and to them may be added *State* v. *Gladden*, 13 Florida, 623, and *Findley* v. *State*, 61 Ala. 201. In the former, the statute directed fifteen grand jurors to be drawn on the panel, but the record showed only fourteen were drawn, and it was held imperative that the organization be in conformity with the statute, though after such organization the common law rule applicable should control. In the latter, the Court said: "Our statutes specifically prescribe the mode of organizing grand juries, and whenever the records of a Court affirmatively disclose that a body of men has been organized as a grand jury in violation of those statutes, all the acts of such body must be held void."

Opposed to the cases we have cited above are the Courts of Tennessee, North Carolina and Massachusetts, and *perhaps* some others may be added to these. In *Pybos* v. *State*,

3 Humphreys (Tenn.) 49, a statute, which provided the manner in which a grand jury should be organized, declared "the first eighteen drawn shall be a grand jury." The Court held the Act directory as to the number, and that "its object was to limit the number to be sworn, but that it did not at all alter the law that constituted a jury of twelve men." The same was held in *Commonwealth* v. *Wood*, 2 Cush. 149, CHIEF JUSTICE SHAW saying that the revised statutes which direct a *venire* for 23 grand jurors was merely directory, and did not alter the common law rule that a grand jury may consist of any number between thirteen and twenty-three. In *State* v. *Davis*, 2 Iredell, 153, the same ruling was made in an able and elaborate opinion by JUDGE GASTON, concurred in by JUDGES RUFFIN and DANIEL. There the statute, which was held directory, provided that "the first eighteen shall be a grand jury for the county." The Judge said : "We do not doubt but that it is competent for the Legislature to declare that although a bill be found by 12 of a grand jury, the accused shall not be put upon his trial, and that the bill so found shall not be deemed an indictment unless the grand jury consisted of 18 jurors. The question is, has the Legislature made such a declaration, or any enactment tantamount to such a declaration ? It does not in terms declare that a grand jury constituted of less than 18 shall be insufficient to find a bill. It does not purport, otherwise than necessarily results from the directions given, to add to, or in any way modify, the operation of the ancient rule in regard to the necessary number of a grand jury, and it cannot be believed that if any addition to, or modification of, this important rule were intended, but that it would have been distinctly and unequivocally announced." SHAW, RUFFIN and GASTON, are great names in a long line of distinguished jurists, and their judicial utterances will always command the highest respect, but we cannot adopt their reasoning in this instance. May we not ask with equal, if not with greater force, how the Legislature, when enacting a new rule, in terms prescribing

a *definite* number to constitute a grand jury, could have intended to preserve the ancient rule which permitted the grand jury to be constituted of an *indefinite* number between 13 and 23?

In *State* v. *Rockafellow*, 1 Halstead (N. J.), 340, also cited as an authority by the Court in *Clare's case*, the statute declared every person summoned as a grand juror should be a freeholder to the value of £100. It was held mandatory, the Court saying : " So positive and affirmative a description as this, implies in our mind a negative, as much as if it was actually expressed." We regard this method of reasoning as to the legislative intent as most satisfactory, and as specially applicable to the case before us.

The case of *State* v. *Ostrander*, 18 Iowa, 435, in which a very careful opinion was delivered by JUDGE DILLON, was cited by the appellant as in line with the Massachusetts and North Carolina cases, but we cannot so regard it. The rule there laid down as we understand it, is that such a statute as our own, " has reference rather to defining the number which shall constitute a grand jury, *substituting a fixed number for the indefinite common law number*, than to the number necessary to constitute a quorum, or to the mode in which they shall transact business."

It was well and truly said by this Court in *Clare's case* that " under any government of law, the trial of persons accused of crime, from its commencement to the conclusion, should be scrupulously conducted according to the requirements of the *statutory*, as well as the fundamental laws of the land."

For these reasons the judgment of the Circuit Court will be affirmed.

> *Judgment affirmed with costs above and below.*

(Decided November 16th, 1900.)